CORCORAN (BANK OF THE UNITED STATES v.). See Case No. 912.

## Case No. 3,226.

### CORCORAN v. BROWN et al.

[3 Cranch, C. C. 143.] [1]

Circuit Court, District of Columbia. May Term, 1827.

SUBSEQUENTLY-ACQUIRED TITLE—ESTOPPEL OF GRANTOR.

If the vendor in a deed of land, has no title at the date of the deed, but acquires a good title afterward, the title thus acquired, enures to the benefit of the first vendee against a subsequent vendee who claims by a deed made after the title accrued to the vendor; and the vendor and all who claim under him, are estopped by his deed to deny that the vendor had title at the date of the first deed.

The facts of this case, were, that on the 9th of October, 1822, Robert Easter made his deed of bargain and sale to Henry Addison, purporting to convey a house and lot in Washington to the said H. Addison and his heirs, to have and to hold to the said "Henry Addison, his heirs and assigns, to and for the uses, trusts, and purposes following, and to and for no other use, intent, or purpose whatever," that is to say, to secure a debt of about $300 and interest due by Easter to Corcoran. This deed was duly acknowledged and recorded. That the plaintiff recovered judgment at law against Easter for the whole amount of the debt, no part of which has yet been paid. That at the time of the execution and delivery of the said deed,

"Easter had no title whatever in the said premises;" which want of title was unknown to the plaintiff, but that Easter, afterwards, viz. on the 28th of March, 1823, acquired a legal title in fee-simple in and to the premises by a deed from one Larned. That Easter afterwards, viz. on the 8th of August, 1823, being indebted to Mr. J. Q. Adams in $3000, by a deed duly executed, acknowledged, and recorded, mortgaged the same premises to Mr. Adams for the payment of the said sum of $3000 and interest, by instalments, the last of which was to become payable on the 8th of August, 1827. That on the 21st of March, 1825, Easter applied to a judge for the benefit of the insolvent law, which was granted, and Robert Brown, the defendant, was duly appointed trustee under the insolvent act; and in pursuance of the order of the judge, sold, on the 28th of October, 1825, "all the right, title, and interest of Robert Easter to the following described property in the city of Washington, to wit, one house and lot, being the subdivision of lots numbered 2, 3, 4, in square number 380, subject to a mortgage of $3000, payable in three annual instalments of $1000 each, the first of which became due on the 9th of August last." These terms were contained in the printed advertisement of the sale; which contained no allusion to any other incumbrance. That the premises were struck off to Nathaniel Fry, Jun., bidding for Mr. Adams, at the sum of $900; and on the 7th of November 1825, Robert Brown, the trustee, made a deed of bargain and sale to Mr. Adams. duly acknowledged and recorded, reciting the proceedings under the insolvent law; the appointment of Brown as trustee; the sale by order of the judge and the payment of the purchase-money, and purporting to convey to Mr. Adams and his heirs and assigns, "all the right, title, interest, and estate whatsoever of him the said Robert Easter, in and to the above lot or piece of parcel of ground." At the foot of this deed was a certificate of the judge that the sale had been made according to his directions, and he ratified and confirmed it. Mr. Adams, in his answer, denies notice of Corcoran's claim and lien at any time before the sale by the trustee; and states that the deed from Larned to Easter was not recorded until after the deed from Easter to him was made; but was recorded before the latter, and all in due time. The answer of Brown. the trustee, states, that he himself did not know of Corcoran's claim until the day of the sale; and that, although the printed terms of sale do not contain the condition or proviso that the premises were sold subject to the complainant's claim, yet that condition or proviso, at the time of and before the sale, was proclaimed by the auctioneer, from his stand, in the hearing of the bidders there assembled, among whom was the said Nathaniel Fry, who heard and conversed about the same, before the sale. To these answers there was a general replication and subpoena to rejoin;

[1] [Reported by Hon. William Cranch, Chief Judge.]

and the cause was set for hearing, by consent of the parties upon the bill, answers, replications, and exhibits.

Mr. Marbury, for complainant, contended that the title subsequently acquired by Easter enured to the benefit of the complainant; and that Easter and all claiming under him were estopped by Easter's deed to Addison from denying that Easter had a good title at the date of that deed. Trevivan. v. Lawrence, 1 Salk. 276; 1 Johns. Ch. 90; Selby v. Magruder, 6 Har. & J. 459.

Mr. Lear, for defendant Brown and the general creditors, contended that as the property was sold subject to Corcoran's claims, he ought not to be paid out of this purchase-money, there being enough left in the hands of the purchaser to pay this claim. The general creditors are not estopped by Easter's deed. They do not claim under him, but under the insolvent law.

Mr. Hellen, for Mr. Adams. The answer of Brown is not evidence against Mr. Adams, his co-defendant. There is therefore no evidence that Mr. Adams had notice of the claim of Corcoran before the sale.

CRANCH. Chief Judge. The bill does not charge Mr. Adams with notice of the complainant's claim at the time of his taking the mortgage. The answer of Mr. Brown is not evidence against his co-defendant Mr. Adams, and therefore cannot charge him with notice of any terms of sale different from the printed terms; and if it were, yet evidence of verbal declarations of an auctioneer at the time of the sale ought not to be admitted to contradict the printed conditions. Gunnis v. Erhart, 1 H. Bl. 289. The fact, therefore, must be considered as established, that Mr. Adams purchased the property at the trustee's sale, subject only to his own incumbrance; and that, if any prior incumbrance existed the trust fund was bound to pay it off, or to vacate the sale and refund his purchase-money and expenditures.

The court is of opinion that the complainant has the first incumbrance; and that although Robert Easter, at the time of executing his deed to Henry Addison had no legal title, yet that when he subsequently acquired a legal title, it enured, (by means of the estoppel in his deed) to the benefit of the complainant, whose trustee, H. Addison, thereby acquired the legal estate as against all persons claiming by or through Robert Easter; and that the property of the insolvent, Robert Easter, not having been sold expressly subject to the complainant's claim, the purchase-money ought, in the first place, to be applied to the discharge of that incumbrance. Decree accordingly.